IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE R. SCHARON, JR.          *
                              *
Plaintiff                     *    Civil No. 98-2370(SEC)
                              *
v.                            *
                              *
ED GONZALEZ, WARDEN           *
                              *
Defendant                     *
*******************************

### ORDER

On December 9, 1998, José R. Scharon, Jr., an inmate at the Metropolitan Detention Center in Guaynabo, filed the instant action *pro se*, seeking injunctive relief from his conditions of confinement pursuant to the Eighth Amendment. Specifically, plaintiff seeks an order prohibiting the sale and distribution of cigarettes and cigars at the Metropolitan Detention Center. In support of his petition, plaintiff alleges that "for six days he has had a prolonged and concentrated exposure to environmental tobacco smoke," which has caused him "throat, sinus and ear irritation and infection" (**Docket # 1, at ¶ 1**). This involuntary exposure is the result of the closing of the institution's smoking area, event which has forced the smoking population to smoke inside the main building. **Id. at ¶ 2**. Plaintiff further alleges that he has "used administrative procedures through inmate request," by asking various employees at the Metropolitan Detention Center, including Warden Ed González, to take "corrective action" regarding his involuntary exposure to environmental tobacco smoke (hereinafter "ETS"). **Id. at ¶ 3**. Finally, he "contends that in Unit 3-B (presumably where he is housed at) there are one hundred and ten inmates of which approximately ninety inmates smoke an average of fifteen cigarettes per day. The fifteen cigarettes smoked by inmates per day multiplied by six days is a total of eighty-one hundred cigarettes that have been

**Civil No. 98-2370(SEC)**                                                                                          2

smoked in a confined space such as M.D.C. Guaynabo. Any health professional would agree that this indeed is a health hazard and will have future consequences to one's health." **Id. at ¶ 4**.

Plaintiff characterized his action as a petition under 28 U.S.C. § 2241, while the Clerk of the Court filed it as a petition for a writ of *mandamus* under 28 U.S.C. § 1651. Moreover, he did not pay the requisite filing fee, nor did he move to proceed *in forma pauperis* under 28 U.S.C. § 1915 and Local Rule 303.2. Nevertheless, a complaint filed by a *pro se* litigant should be liberal construed. Ayala Serrano v. Lebrón González, 909 F.2d 8, 12 (1st Cir. 1990). Accordingly, "[t]he characterization of the action and the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in federal court." Roman-Nose v. New Mexico Department of Human Services, 967 F.2d 435, 436 (10th Cir. 1992) (citation omitted). Notwithstanding this liberal standard, we find that the instant action should be summarily dismissed pursuant to 28 U.S.C. § 1915(2)(B)(ii) for failure to state a claim on which relief may be granted.

"Under 28 U.S.C. § 1651 . . .[,] federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of *mandamus*." Haggard v. State of Tennessee, 421 F.2d 1384, 1385 (6th Cir. 1970) (citations omitted). But "a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." Id. That is, "[i]n the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." Id. (citation omitted). See also Brittingham v. United States Commissioner of Internal Revenue Service, 451 F.2d 315, 317 (5th Cir. 1971) (§ 1651 creates no jurisdiction in district courts, but only empowers them to issue writs in aid of jurisdiction previously acquired on some other independent ground). Plaintiff's action may be construed as a request for injunctive relief from conditions of confinement pursuant to the Eight Amendment, and

**Civil No. 98-2370(SEC)**                                                                                                  3

thus as an action presenting a federal question under 28 U.S.C. § 1331. As such, it may be viewed as the requisite independent jurisdictional ground, in aid of which this Court could act pursuant to § 1651. Plaintiff's action may also be construed as a petition under 29 U.S.C. § 1361, which confers all district courts "original jurisdiction on any action in the nature of mandamus to compel an officer or employee of the Unites States or any agency thereof to perform a duty owed to the plaintiff."

But plaintiff's action, whether construed as an action pursuant to 28 U.S.C. § 1361 or § 1651, or as a request for injunctive relief under § 1331 for an Eighth Amendment violation, is barred for failure to exhaust administrative remedies. See 28 C.F.R. §§ 542.10-.10 (Federal Bureau of Prison's administrative remedy program). Plaintiff's allegations concerning his having "used administrative procedures through inmate request," by asking various employees at the Metropolitan Detention Center, including Warden Ed González, to take "corrective action" regarding his involuntary exposure to ETS (**Docket # 1, at ¶ 3**), at best amount to an informal complaint under 28 C.F.R. § 542.13. Plaintiff does not aver, however, to have exhausted the Federal Bureau of Prison's formal administrative procedure. Moreover, he does not offer any justification for his failure to do so.

Before mandamus is properly exercised, three elements must exist: "1) plaintiff must have a clear right to the relief, 2) defendant must have a clear duty to act, and 3) no other adequate remedy must be available." Chatman v. Hernández, 805 F.2d 453, 456 (1st Cir. 1986) (citations omitted). As already stated, in this case, plaintiff has "other adequate remedy" available, e.g., the formal procedure provided by the Bureau of Prisons. See 28 C.F.R. § 642.14. Plaintiff's failure to exhaust administrative remedies also bars his request for injunctive relief from his conditions of confinement under the Eighth Amendment. See, e.g., Lyons v. U.S. Marshals, 840 F.2d 202, 204 (3rd Cir. 1988) ("Federal prisoners ordinarily must exhaust available administrative remedies before seeking

**Civil No. 98-2370(SEC)**                                                                                                   4

injunctive relief from conditions of confinement.") (citation omitted).

For the foregoing reasons, plaintiff's complaint is hereby **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(2)(B)(ii). Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

*[signature]*
SALVADOR E. CASELLAS
United States District Judge